```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

SANDRA M. WOODBURY,

                              Plaintiff,      FIRST AMENDED
                                              COMPLAINT
              -against-
                                              08-cv-04229-JBW-RER
THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; LT. GARY MESSINA; SGT.      ECF Case
MICHAEL HARTMAN; SGT. JAMERSON-BARRET;
P.O. CHRISTOPHER GARGANO; P.O. ADAM           Jury Trial Demanded
DEOLIVIERA; and POLICE OFFICER JOHN DOES
# 1-5; the individual defendants sued
individually and in their official
capacities;

                              Defendants.

------------------------------------------ X
```

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which plaintiff seek relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983, and 1985(3) the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about October 19, 2007. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, excessive force, assault and battery, unlawful search and seizure, malicious prosecution, conversion of chattels, unconstitutional conditions of confinement, intentional and negligent infliction of

emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A notice of claim was duly filed on the City of New York within 90 days of the incidents at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because some of the acts in

question occurred in Queens County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5. Plaintiff Sandra Woodberry is a resident of the State of New York, Queens County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Lieutenant Gary Messina is a New York City Police Supervisor, assigned Tax # 874530, employed with the 101st Precinct located in Queens, New York who violated plaintiff's rights as described herein.

9. Defendant Sergeant Michael Hartman is a New York City Police Supervisor, assigned Tax # 914805, employed with the 101st Precinct located in Queens, New York who violated plaintiff's rights as described herein.

10. Defendant Sergeant Jamerson-Barrett is a New York City Police Supervisor, assigned Tax # 906508, employed with the 101st Precinct located in Queens, New York who violated plaintiff's rights as described herein.

11. Defendant Police Officer Christopher Gargano is a New York City Police Officer, assigned Shield # 16590, employed with the 101st Precinct located in Queens, New York who violated plaintiff's rights as described herein.

12. Defendant Police Officer Adam Deoliviera is a New York City Police Officer, assigned Shield # 2813, employed with the 101st Precinct located in Queens, New York who violated plaintiff's rights as described herein.

13. Defendant Police Officer John Does # 1-5 are a New York City Police Officers employed with the 101st Precinct located in Queens, New York who violated plaintiff's rights as described herein.

14. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

15. The following is a summary set for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

16. October 19, 2007, at approximately 11:30 a.m., at 2945A Far Rockaway Blvd., Apt. #1, Far Rockaway, New York, several police officers operating from the 101st Precinct, including upon information and belief, defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O.

Deoliviera, and P.O. John Does # 1-5, at times acting in concert and at times acting independently committed the following illegal acts against the plaintiff.

17. Plaintiff was in her home located at 2945A Far Rockaway Blvd., Apt. #1, Far Rockaway, New York, when defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully entered the apartment unnecessarily breaking the door lock.

18. Once defendants entered the building and/or apartment, plaintiff was not free to disregard the defendants' questions, walk way or leave the scene.

19. While inside 2945A Far Rockaway Blvd., Apt. #1, Far Rockaway, New York, Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

20. Plaintiff was dressed only in her underwear, and her breasts were exposed, when the defendants broke into her home.

21. When plaintiff complained that the defendants' actions were illegal the defendants increased their level of mistreatment.

22. During the arrest of plaintiff, defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5, maliciously, gratuitously, and unnecessarily shoved plaintiff, grabbed plaintiff, and placed excessively tight handcuffs on plaintiff's wrists, while she was wearing only her underwear, and while her breasts were still exposed. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

23. Thereafter, defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5 transported plaintiff to the 101st Precinct, where P.O. Gargano (a male officer) thoroughly searched plaintiff, touching her body, against NYPD policy, before she was thoroughly searched again by a female officer.

24. The searches of plaintiff at the 101st Precinct produced no weapons, contraband, or narcotics on plaintiff.

25. Upon information and belief, defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett were present during the above-described incidents, and supervised and approved all the above-described conduct against plaintiff.

26. Eventually, the defendants caused plaintiff to be transferred to Queens Central Booking where she was held until October 20, 2007 at approximately 7:00 p.m.

27. While plaintiff was held at Queens Central Booking, she was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

28. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

29. While plaintiff was incarcerated at the 101st Precinct and Central Booking awaiting arraignment, defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5, pursuant to a conspiracy, falsely and maliciously told the Queens County District Attorney's Office that plaintiff had committed a crime; and based on the these false allegations the Queens County District Attorney's Office initiated a prosecution against plaintiff under docket # 2007QN058225.

30. To cover up their misconduct, defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5 intentionally, knowingly and purposely provided false statements and information to cause plaintiff to be prosecuted.

31. Defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5 initiated the above-stated malicious prosecution against plaintiff.

32. Defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5 lacked probable cause to believe the above-stated malicious prosecution could succeed.

33. Defendants Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5 acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

34. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

35. The above-stated malicious prosecution, initiated by Lt. Messina, Sgt. Hartman, Sgt. Jamerson-Barrett, P.O. Gargano, P.O. Deoliviera, and P.O. John Does # 1-5, terminated in plaintiff's favor on October 20, 2007, when the case was dismissed.

36. As a result of the defendants breaking plaintiff's door, plaintiff's apartment was burglarized and various items were stolen.

37. The aforesaid events are not an isolated incident. Defendants Commissioner Raymond W. Kelly, Lt. Messina, Sgt. Hartman, and Sgt. Jamerson-Barrett were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, when they can enter a residence, investigate an incident, and how to treat innocent and/or uninvolved individuals who are found at an incident location.

38. Commissioner Raymond W. Kelly, Lt. Messina, Sgt. Hartman, and Sgt. Jamerson-Barrett are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Raymond W. Kelly, Lt. Messina, Sgt. Hartman, and Sgt. Jamerson-Barrett have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

39. Moreover, Commissioner Raymond W. Kelly, Lt. Messina, Sgt. Hartman, and Sgt. Jamerson-Barrett were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Raymond W. Kelly, Lt. Messina, Sgt. Hartman, and Sgt. Jamerson-Barrett have retained these officers, and failed to adequately train and supervise them.

9

40. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

41. Plaintiff did not resist arrest at any time during the above incidents.

42. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

43. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

44. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

45. As a result of defendants' actions plaintiff experienced personal and physical injuries (including pain for three days), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, assault and battery, unlawful search and seizure, malicious prosecution, conversion of chattels, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

48. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York by committing false arrest and imprisonment, excessive force, assault and battery, unlawful search and seizure, malicious prosecution, conversion of chattels, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and

11

implementation and continuation of an unlawful municipal policy, practice, and custom.

49. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of plaintiff rights secured by 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

50. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

51. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervisor subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

54. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

55. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

56. The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the

facilities where the incidents occurred, or at Kelly's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and violate those question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

57. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

58. The aforesaid conduct of defendants Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. The City of New York directly caused the constitutional violations suffered by plaintiff.

61. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was

highly likely that they would commit the acts alleged in the present case.

62. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, and violate citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

63. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

64. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees in violation of state law.

15

65. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
             March 16, 2009

                            MICHAEL HUESTON, ESQ.
                            *Attorney for Plaintiff*
                            350 Fifth Avenue, Suite 4810
                            New York, New York 10118
                            (212) 643-2900
                            mhueston@nyc.rr.com
                            By:

                            _____
                            MICHAEL O. HUESTON (MH-0931)